UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MARIA RYAN,

                       Plaintiff,

-against-

JOHN CATSIMATIDIS,
RED APPLE MEDIA, INC.,
WABC RADIO FOUNDATION INC.,
WABC RADIO, LLC, and CHAD LOPEZ

                       Defendants.

-----------------------------------------------------------------X

Case Action No. ____ - _____(__/__)

**NOTICE OF REMOVAL FROM THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK**

TO: THE JUDGES FOR THE UNITED STATES DISTRICT
      COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**PLEASE TAKE NOTICE**, that Defendants JOHN CATSIMATIDIS, RED APPLE MEDIA, INC., WABC RADIO FOUNDATION INC., WABC RADIO, LLC, and CHAD LOPEZ ("Removing Defendants") pursuant to 28 U.S.C. § 1332, 1441, and 1446, by and through its undersigned counsel, respectfully submits this Notice of Removal of a case entitled *Maria Ryan v. John Catsimatidis, et al.* in the Supreme Court of the State of New York, County of New York, Index No. 161491/2024, to the United States District Court for the Southern District of New York.[1] As required by 28 U.S.C. § 1446(a), Removing Defendants set forth below a short and plain statement of the grounds for removal as follows:

---

[1] By removing this action to this Court, Defendant does not waive any defenses, objections, or responsive pleadings available under State or Federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal for lack of personal jurisdiction, improper venue, *forum non conveniens*, res judicata or on any other applicable grounds.

## PROCEDURAL HISTORY

1. Plaintiff Maria Ryan commenced this action on December 7, 2024, by filing a Summons and Complaint in the Supreme Court of New York, County of New York. A copy of the Summons and Complaint is attached hereto as **Exhibit ("Ex.") A**.

2. As set forth in the Complaint, Plaintiff seeks money damages for violations of the New York City Human Rights Law. *See* Ex. A, Complaint, at 9, Prayer for Relief. Removing Defendants deny all of Plaintiff's allegations of wrongdoing.

3. Upon information and belief, none of the Defendants has been properly joined or served in this action. *See* 28 U.S.C. § 1446(b)(2)(A).

## VENUE

4. Venue of this action lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1391(a) because this District encompasses the Supreme Court of the State of New York, County of New York, the forum in which the removed action was filed and pending.

## GROUNDS FOR REMOVAL

5. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a). Complete diversity presents between the parties. No Defendant who is a citizen of New Hampshire has been properly joined and served, and upon information and belief, the amount in controversy exceeds $75,000, exclusive interest and costs.

I. **THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES AND DEFENDANTS HAVE NOT BEEN PROPERLY JOINED AND SERVED.**

6. At the time Plaintiff commenced this action, and at all times since then, Plaintiff was and is a resident and citizen of the State of New Hampshire. *See* Ex. A, Complaint, ¶ 5.

7. At the time Plaintiff commenced this action, and at all times since then, Defendants Red Apple Media, Inc., WABC Radio Foundation Inc., and WABC Radio, LLC were and are corporations organized and existing under the laws of the State of New York, with their principal place of business located in the State of New York, and therefore are citizens of the State of New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

8. At the time Plaintiff commenced this action, and at all times since then, Defendants John Catsimatidis and Chad Lopez were and are residents and citizens of the State of New York for purposes of complete diversity. *See* 28 U.S.C. § 1332(c)(1).

9. As such, this action involves "citizens of different States." 28 U.S.C § 1332(a). Plaintiff is, upon information and belief, a citizen of the State of New Hampshire (*see* **Ex. A**, Complaint, at ¶ 5) ("Plaintiff is an adult woman who is a citizen of the State of New Hampshire[]"), and because Defendants have not been properly joined or served in this action, removal of this action is proper under 28 U.S.C. § 1441(b)(2). *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

II. **THE AMOUNT-IN-CONTROVERSY MEETS REQUIREMENT.**

10. The amount-in-controversy requirement is satisfied in this action because it is clear on the face of Plaintiff's Summons and Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11. A removing party only needs to demonstrate "a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of §75,000. *See Brown v. Richer-Guinard*, No. 19-CV-5914 (AJN), 2020 U.S. Dist. LEXIS 95535, at *3 (S.D.N.Y. June 1, 2020); *see also United Food & Comm'l Workers Union v. Centermark Properties Mereden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 2004). The amount in controversy as described in the Complaint, while not specifically enumerated, is poised to contemplate an amount exceeding the sum or value of $75,000.00. Specifically, Plaintiff seeks compensatory damages of back pay and front pay, damages to compensate Plaintiff for the alleged emotional distress, an award of punitive damages, attorneys' fees and costs, and any other damages to be determined at trial. *See* **Ex. A**, Complaint, at 9 ("PRAYER FOR RELIEF").

### III. ADDITIONAL PROCEDURAL REQUIREMENTS

12. Removing Defendants' removal is timely because less than 30 days have passed since Plaintiff filed the Summons and Complaint on December 7, 2024. *See* 28 U.S.C. § 1446(b).

13. Plaintiff's Summons and Complaint provides a sufficient basis for removal because it is clear on the face of the Compliant that the requirements of 28 U.S.C. § 1332(a) are satisfied, as described in detail above.

14. Pursuant to 28 U.S.C. § 1446(a), a copy of all documents filed in the state court is attached hereto as **Ex. A**. An index identifying each document filed in the state court action is attached as **Exhibit B.**

15. In accordance with 28 U.S.C. § 1446(d), Removing Defendants will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and shall file a

copy of this Notice along with a Notice of Removal to Federal Court with the Court of the Supreme Court of New York, County of New York, where the action currently is pending.

16. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**WHEREFORE**, notice is given that this action is removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
December 10, 2024

Respectfully Submitted,

JACKSON LEWIS P.C.

666 Third Avenue, 29th Floor
New York, New York 10017
Tel.: (212) 545-4000
Fax: (212) 972-3213
Douglas.Klein@jacksonlewis.com
Richard.Sui@jacksonlewis.com

By: S/Douglas J. Klein
Douglas J. Klein, Esq.
Xinlai Richard Sui, Esq.

*Attorneys for Defendants*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| MARIA RYAN, | )<br>)<br>) Index No.<br>) |
| Plaintiff, | )<br>) |
| -against- | )<br>)<br>) **SUMMONS** |
| JOHN CATSIMATIDIS,<br>RED APPLE MEDIA, INC.,<br>WABC RADIO FOUNDATION INC.,<br>WABC RADIO, LLC, and CHAD LOPEZ, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis for the Venue designated is CPLR §503(a), as it is the county in which one or more of the parties reside.

Dated: December 6, 2024
       Rye Brook, New York

Respectfully Submitted,

**LEVINE & BLIT, PLLC**

/s/ Matthew J. Blit
Matthew J. Blit, Esq.

1

*Attorneys for Plaintiff*
800 Westchester Avenue, Suite S-322
Rye Brook, NY 10573
Tel. (212) 967-3000
mblit@levineblit.com

To:    John Catsimatidis
800 Third Avenue, Fifth Floor
New York, New York 10022

Red Apple Media, Inc.
800 Third Avenue, Fifth Floor
New York, New York 10022

WABC Radio Foundation Inc.
800 Third Avenue, Fifth Floor
New York, New York 10022

WABC Radio, LLC
800 Third Avenue, Fifth Floor
New York, New York 10022

Chad Lopez
800 Third Avenue, Fifth Floor
New York, New York 10022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| MARIA RYAN, | Index No. |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| JOHN CATSIMATIDIS, RED APPLE MEDIA, INC., WABC RADIO FOUNDATION INC., WABC RADIO, LLC, and CHAD LOPEZ, | |
| Defendants. | |

Plaintiff MARIA RYAN ("Dr. Maria" or "Plaintiff"), by and through her attorneys, Levine & Blit, PLLC complaining of defendants JOHN CATSIMATIDIS ("Catsimatidis"), RED APPLE MEDIA, INC. ("Red Apple Media"), WABC RADIO FOUNDATION INC. ("WABC Foundation"), WABC RADIO, LLC ("WABC"), and CHAD LOPEZ ("Lopez") (collectively, "Defendants"), hereby alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this civil action to remedy Defendants' unlawful hostile work environment and discrimination in employment based upon sex and retaliation in violation of the New York City Human Rights Law, codified as the Administrative Code of the City of New York § 8-101, *et seq.* ("NYCHRL").

2. Plaintiff seeks injunctive and declaratory relief; an award of monetary damages for the economic losses caused by Defendants' unlawful conduct, including the loss of past and future earnings and employee benefits; an award of compensatory damages, including emotional distress damages for the severe mental anguish and humiliation caused by

1

Defendants' unlawful conduct; an award of punitive damages; an award of prejudgment interest; Plaintiff's reasonable attorneys' fees; costs of this action; and any such other and further relief that this Court deems just and equitable.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to CPLR § 301.

4. Venue is proper in this Court pursuant to CPLR § 503.

## PARTIES

5. Plaintiff is an adult woman who is a citizen of the State of New Hampshire.

6. Upon information and belief, Catsimatidis is a citizen of the State of New York and resides in New York County.

7. Catsimatidis is the owner and operator of Red Apple Media, WABC Foundation and WABC.

8. Upon information and belief, Defendant Red Apple Media is a Delaware corporation with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022.

9. Upon information and belief, Defendant WABC Foundation is a New York not-for-profit corporation with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022.

10. Upon information and belief, Defendant WABC is a New York limited liability company with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022.

11. Red Apple Media is a New York-based media company that owns and operates WABC New York (770), among other media outlets.

12. At all times relevant to this action, Lopez served in the capacity as President of WABC and Red Apple Media, and as such maintained a supervisory position over Plaintiff and had the authority to undertake or recommend tangible employment decisions and/or control the terms and conditions of plaintiff's employment.

13. At all times relevant to this Complaint, Defendants were an "employer" as defined by the NYCHRL.

14. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants as defined by the NYCHRL.

15. At all times relevant to this Complaint, Plaintiff was qualified to hold her position of employment with Defendants through her knowledge, education, training, experience, and/or qualifications.

## FACTUAL ALLEGATIONS

16. In or about the spring of 2021, Dr. Maria, a board-certified nurse practitioner and hospital CEO, began making frequent guest appearances on "The Rudy Giuliani Show" hosted by the former mayor of New York City, Rudolph "Rudy" Giuliani ("Giuliani"). Dr. Maria's contributions focused on significant healthcare topics and discussions on the pandemic.

17. Due to the positive reception from listeners and the effective dynamic between Dr. Maria and Giuliani, Defendants offered Dr. Maria the opportunity to join Giuliani as a co-host on a new show titled "Uncovering the Truth" (hereinafter, the "radio show").

18. Shortly thereafter, Defendants subjected Plaintiff to a discriminatory and hostile work environment based upon her sex.

19. Initially, the radio show's promotions labeled Plaintiff as a guest rather than a co-host, and she was not compensated for her appearances. Although she was later recognized as

3

a co-host, she continued to work without compensation despite her extensive contributions.

20. Giuliani's agent, Craig Kitchen, attempted to negotiate compensation for Plaintiff, but Defendants refused, showing no interest in paying Dr. Maria or providing her a contract.

21. Plaintiff repeatedly raised concerns with Lopez about her lack of compensation. Finally, Catsimatidis agreed to pay Plaintiff $200 per show, an amount significantly lower than her male counterparts and industry standards.

22. Plaintiff also faced disparaging remarks about her qualifications, with Lopez questioning the legitimacy of her academic degrees.

23. Plaintiff was compelled to provide all four of her degrees to Lopez to validate her credentials as a 'real' medical provider, an experience that was both humiliating and demoralizing. Despite her established professional expertise, Plaintiff faced unwarranted scrutiny and disparaging remarks about her qualifications, while her male colleagues were not similarly questioned.

24. Throughout her tenure with Defendants, Plaintiff was treated as a lesser contributor compared to her male counterparts, with her suggestions often ignored in team meetings and discussions.

25. Plaintiff also faced false accusations of policy violations, such as playing unauthorized music on air. These accusations were unsubstantiated and served as a pretext to undermine her role.

26. When Plaintiff complained about the discrimination and hostile work environment based upon her sex to Lopez, he stated that "John [Catsimatidis] makes all the decisions and

4

John is a Greek man and you [Dr. Maria] are a woman", therefore there was no point in standing up to him.

27. On one occasion, while discussing a documentary on Newsmax during a show, Plaintiff received a text from Lopez threatening her with removal from the air if she mentioned Newsmax again. This led to a series of escalating text messages involving both Lopez and Giuliani, where Plaintiff was repeatedly told she should have known about an unwritten policy against mentioning Newsmax. Despite Plaintiff's attempts to clarify the situation, including contacting other on-air talent who were unaware of such a policy, Lopez's explanations remained inconsistent and hostile.

28. During a phone call to resolve the issue, Lopez became increasingly aggressive, accusing Plaintiff of being present at a dinner where the policy was allegedly discussed. Plaintiff clarified that she had not attended such a dinner. Lopez, initially insistent that she was present, eventually admitted the error. Plaintiff argued that policy should be clearly communicated in writing, not inferred from informal discussions.

29. Lopez eventually admitted he was wrong. Lopez then falsely stated that he gave the same information about not mentioning Newsmax to an employee of Giuliani's. That employee states Lopez never spoke to him about Newsmax and Lopez is lying again.

30. Despite Plaintiff's efforts to address these unfair and clearly discriminatory issues, her role on the show was further marginalized in retaliation for her protected complaints of discrimination.

31. For example, promotional materials for "Uncovering the Truth" prominently featured Giuliani's head while reducing Plaintiff's head to the size of a postage stamp, a representation that became a source of ridicule within the station.

5

32. Plaintiff raised this issue with WABC management, including Lopez, but was told that changes to the promotions required Catsimatidis's approval. Despite repeated requests, Catsimatidis refused to approve any changes.

33. Plaintiff also faced discrepancies with the audio promotions for the show. Despite being responsible for the first two segments and Giuliani for the last two, the promotions consistently introduced the show with "Here's Rudy Giuliani" for all segments. Plaintiff's requests to start the first two segments with "Now, here's Dr. Maria" were ignored.

34. Giuliani, aware of the discriminatory practices directed at Dr. Maria, raised these concerns with station management, including Defendants Catsimatidis and WABC Radio President Chad Lopez, on several occasions.

35. Rather than addressing Giuliani's legitimate complaints about the discriminatory treatment of his co-host, Defendants retaliated against him by suspending and ultimately terminating his employment

36. Defendants have publicly claimed that Giuliani was terminated for violating a company policy, but this was pretextual and intended to provide cover for their unlawful retaliation against Giuliani for exercising his right to speak out against discrimination in the workplace.

37. Plaintiff was informed by Catsimatidis via text message that her employment was conditional, a term that had not been previously communicated, and that she was no longer allowed to appear on Giuliani's weekday show, "The Rudy Giuliani Show".

38. Shortly thereafter, Plaintiff was given 30-day notice of termination and informed she was off the air immediately.

39. Defendants had no legitimate, non-discriminatory, non-retaliatory reason for terminating Plaintiff's employment.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Discrimination based upon Sex in Violation of the NYCHRL)

40. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. At all times relevant to this action, Dr. Maria was an "employee" within the meaning of NYCHRL.

42. Defendants are an "employer" within the meaning of NYCHRL.

43. Pursuant to NYCHRL, it is an unlawful employment practice for an employer to discharge from employment or discriminate against an employee in compensation or in terms, conditions, or privileges of employment based upon that employee's sex.

44. At all times relevant to this action, Dr. Maria was qualified by her education, training, experience, and/or skill to hold her position, and receive promotions and compensation, regarding her work with defendants.

45. Dr. Maria suffered an adverse employment action against her when defendants terminated her employment due to her sex.

46. Pursuant to Defendants' unlawful conduct as alleged above, Dr. Maria was discriminated against in her employment because of her sex.

47. Defendants' conduct towards Dr. Maria constitutes willful discrimination in violation of NYCHRL.

48. As a proximate result of Defendants' unlawful conduct, Dr. Maria has suffered substantial losses, including loss of past and future earnings, bonuses, compensation, and other employment benefits.

7

49. As a further proximate result of Defendants' unlawful conduct, Dr. Maria suffered compensatory damages for emotional distress, severe and lasting embarrassment, humiliation, mental anguish, and other incidental and consequential damages and expenses.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
**(Hostile Work Environment based upon Sex in Violation of the NYCHRL)**

50. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

51. Pursuant to the unlawful acts and practices alleged above, Defendants intentionally created a hostile work environment for Plaintiff due to her sex wherein she was treated less favorably due to her sex.

52. Defendants were aware that Plaintiff was being subjected to a hostile work environment due to her sex but continued to allow such practice to continue.

53. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which she is entitled to an award of compensatory damages.

54. Defendants' unlawful actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done with knowing or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
**(Retaliation in Violation of the NYCHRL)**

55. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 54 as if fully set forth herein.

56. Plaintiff complained to Defendants numerous times about violations of the NYCHRL.

57. As a result of these complaints, Defendants terminated Plaintiff's employment.

58. Defendants' actions were motivated by Plaintiff's discrimination and harassment in her employment.

59. Defendants' conduct constitutes unlawful retaliation in violation of the NYCHRL.

60. Defendants' actions were willful.

61. Due to Defendants' violations, Plaintiff is entitled to the rights denied to her, including back pay, front pay, compensatory damages and punitive damages, interest, attorneys' fees and costs, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

a) An order declaring Defendants have willfully violated the NYCHRL pursuant to their conduct alleged herein;

b) An order enjoining Defendants from engaging in the conduct alleged herein;

c) An award of compensatory damages, including an award of back pay and front pay, in an amount to be determined at trial;

d) An award of damages to compensate Plaintiff for emotional distress and mental anguish suffered as a result of Defendants' unlawful conduct, in an amount to be determined at trial;

e) An award of punitive damages in an amount to be determined at trial;

f) An award of Plaintiff's reasonable attorneys' fees;

g) An award of interests and costs of this action; and

h) Any such other and further relief this Court deems just and equitable.

Dated:      December 6, 2024
            Rye Brook, New York

**LEVINE & BLIT, PLLC**

/s/ Matthew J. Blit
Matthew J. Blit, Esq.
*Attorneys for Plaintiff*
800 Westchester Avenue, Suite S-322
Rye Brook, NY 10573
Tel. (212) 967-3000
mblit@levineblit.com

# EXHIBIT B

Case Caption:   **Maria Ryan v. John Catsimatidis et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 12/07/2024 | Blit, M. |