UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA RYAN,

                          Plaintiff,                                    1:24-cv-09422 (VSB)

        v.

JOHN CATSIMATIDIS,
RED APPLE MEDIA, INC.,
WABC RADIO FOUNDATION INC.,
WABC RADIO, LLC, and CHAD LOPEZ,

                          Defendants.


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT


JACKSON LEWIS P.C.

666 Third Avenue
New York, New York 10017
T: (212) 545-4000
F: (212) 972-3213
Douglas.Klein@jacksonlewis.com
Richard.Sui@jacksonlewis.com

Douglas J. Klein
Xinlai Richard Sui

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL ALLEGATIONS .................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

I.    LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS ................................. 3

II.   PLAINTIFF FAILS TO PLEAD A PLAUSIBLE EMPLOYER-EMPLOYEE
      RELATIONSHIP WITH ANY OF THE DEFENDANTS. ................................................. 4

III.  PLAINTIFF'S NYCHRL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT
      CLAIMS SHOULD BE DISMISSED. ............................................................................... 6

A.    Plaintiff Has Not Plausibly Pled NYCHRL "Employee" Status. ....................................... 6

B.    Plaintiff Has Not Plausibly Alleged Any Similarly Situated Comparators. ....................... 7

C.    The Complaint Does Not Plausibly Allege Discriminatory Animus. .............................. 10

IV.   PLAINTIFF FAILS PLAUSIBLY TO PLEAD A RETALIATION CLAIM. ................. 12

CONCLUSION ....................................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                               **Page(s)**

*Adams-Flores v. City of N.Y.*,
   18-CV-12150 (JMF), 2021 U.S. Dist. LEXIS 45128 (S.D.N.Y. Mar. 10, 2021) .....................8

*Albert v. Carovano*,
   851 F.2d 561 (2d Cir. 1998).........................................................................................10

*Alvarado v. Nordstrom, Inc.*,
   685 F. App'x 4 (2d Cir. 2017) .......................................................................................7

*Areu v. Fox News Network, LLC*,
   No. 20-CV-8678 (RA), 2021 U.S. Dist. LEXIS 171332 (S.D.N.Y. Sep. 9,
   2021) .............................................................................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................................3, 4

*Ayyaz v. City of New York*,
   19-CV-1412 (LTS) (SN), 2021 U.S. Dist. LEXIS 62704 (S.D.N.Y. Mar. 31,
   2021) .............................................................................................................................6

*Batiste v. City Univ. of N.Y.*,
   No. 16-CV-3358 (VEC), 2017 U.S. Dist. LEXIS 105575 (S.D.N.Y. July 7,
   2017) .............................................................................................................................8

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................3, 4, 10

*Canales-Jacobs v. N.Y.S. Off. Of Court Admin.*,
   640 F. Supp. 2d 482 (S.D.N.Y. 2009).........................................................................8

*Carter v. Verizon*,
   No. 13 Civ. 7579 (KPF), 2015 U.S. Dist. LEXIS 6370 (S.D.N.Y. Jan. 20, 2015) ............... 10

*Chavannes v. Bronx Parent Housing Network*,
   No. 21-cv-05060 (JGK), 2022 U.S. Dist. LEXIS 163258 (S.D.N.Y. Sept. 9, 2022) ...............4

*Community for Creative Non-Violence v. Reid*,
   490 U.S. 730 (1989).....................................................................................................5

*Danzer v. Norden Sys., Inc.*,
   151 F.3d 50 (2d Cir. 1998)..........................................................................................11

*Dellatte v. Great Neck Union Free Sch. Dist.*,
   448 F. App'x 164 (2d Cir. 2012), *as amended* (Jan. 24, 2012) .................................3

*Duplan v. City of New York*,
    888 F.3d 612 (2d Cir. 2018)..........................................................................................13

*Fowler v. Scores Holding Co.*,
    677 F. Supp. 2d 673 (S.D.N.Y. 2010).............................................................................4

*Gong v. City University of New York*,
    846 F. App'x 6 (2d Cir. 2021) .......................................................................................10

*Graham v. Long Is. R.R.*,
    230 F.3d 34 (2d Cir. 2000)..............................................................................................7

*Hughes v. Twenty-First Century Fox, Inc.*,
    304 F. Supp. 3d 429 (S.D.N.Y. 2018).............................................................................7

*Jaeger v. N. Babylon Union Free Sch. Dist.*,
    191 F. Supp. 3d 215 (E.D.N.Y. 2016) ..........................................................................13

*Johnson v. Andy Frain Servs.*,
    638 F. App'x 68 (2d Cir. 2016) ......................................................................................8

*Keiler v. Harlequin Enters.*,
    751 F.3d 64 (2d Cir. 2014)..............................................................................................3

*Kosack v. Entergy Enters., Inc.*,
    14-CV-9605, 2019 U.S. Dist. LEXIS 12483 (S.D.N.Y. Jan. 25, 2019) ...................................8

*Lawrence v. Int'l Bus. Mach. Corp.*,
    No. 12-cv-8433 (DLC), 2017 U.S. Dist. LEXIS 120804 (S.D.N.Y. Aug. 1, 2017) ..........................................................................................................................4

*LeTtieri v. Anti-Defamation League Found.*,
    22-CV-9889 (PAE), 2023 U.S. Dist. LEXIS 141914 (S.D.N.Y. Aug. 10, 2023)..............10, 11

*Lundy v. Catholic Health Sys. of Long Island, Inc.*,
    711 F.3d 106 (2d Cir. 2013)............................................................................................3

*Mandell v. County of Suffolk*,
    316 F.3d 368 (2d Cir. 2003)............................................................................................8

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013)............................................................................................7

*Molina v. John Jay Inst. for Just. & Opportunity*,
    23-CV-1493 (DEH), 2024 U.S. Dist. LEXIS 173356 (S.D.N.Y. Sep. 24, 2024)...................13

*Moore v. Verizon,*
No. 13 Civ. 6467 (RJS), 2016 U.S. Dist. LEXIS 16201 (S.D.N.Y. Feb. 5,
2016) ................................................................................................................................10, 11

*O'Connor v. Davis,*
126 F.3d 112 (2d Cir. 1997)........................................................................................................7

*Pungitore v. Barbera,*
506 F. App'x 40 (2d Cir. 2012) ................................................................................................10

*Roenick v. Flood,*
20-cv-7213 (JPC), 2021 U.S. Dist. LEXIS 108165 (S.D.N.Y. June 9, 2021) ........................12

*Said v. Nyc Health,*
No. 1:23-cv-03313-OEM-JAM, 2024 U.S. Dist. LEXIS 74894 (E.D.N.Y. Apr.
24, 2024) ...................................................................................................................................13

*Shumway v. United Parcel Serv.,*
118 F.3d 60 (2d Cir. 1997)..........................................................................................................8

*Smith v. Local 819 I.B.T. Pension Plan,*
291 F.3d 236 (2d Cir. 2000)........................................................................................................4

*Thomas v. Five Star Elec.,*
No. 18-CV-3691 (AT) (RWL), 2022 U.S. Dist. LEXIS 121830 (S.D.N.Y.
May 5, 2022) ...............................................................................................................................4

*United States v. City of N.Y.,*
359 F.3d 83 (2d Cir. 2004).....................................................................................................6, 7

*Wang v. Phx. Satellite Television US, Inc.,*
976 F. Supp. 2d 527 (S.D.N.Y. 2013).........................................................................................6

*Ward v. Cohen Media Publ'ns LLC,*
No. 1:22-cv-06431 (JLR), 2023 U.S. Dist. LEXIS 147806 (S.D.N.Y. Aug. 21,
2023) .........................................................................................................................................12

*Wegmann v. Young Adult Inst., Inc.,*
15-CV-3815 (KPF), 2016 U.S. Dist. LEXIS 26674 (S.D.N.Y. Mar. 2, 2016) ........................8

*Weiping Liu v. Indium Corp. of Am.,*
No. 20-64, 2021 U.S. App. LEXIS 25875 (2d Cir. Aug. 27, 2021) ..........................................9

*Williams v. City of New York,*
03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143 (S.D.N.Y. Nov. 1, 2005).......................3

*Woodard v. TWC Media Sols.*,
    No. 09 Civ. 3000 (BSJ), 2011 U.S. Dist. LEXIS 1536 (S.D.N.Y. Jan. 4, 2011),
    *aff'd sub nom.* 487 F. App'x 613 (2d Cir.2012) ....................................................................11

*York v. Ass'n of the Bar*,
    286 F.3d 122 (2d Cir. 2002)........................................................................................................7

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................ i, 2, 3, 12

Federal Rule of Civil Procedure 8(a)(2) ........................................................................3

## PRELIMINARY STATEMENT

Defendants John Catsimatidis, Red Apple Media, Inc., WABC Radio Foundation Inc., WABC Radio, LLC (WABC Radio Foundation Inc. and WABC Radio, LLC referred to collectively for purposes of this motion only as "WABC"), and Chad Lopez ("Lopez") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), submit this Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint.

At the outset, Plaintiff fails to sufficiently allege an employment relationship with any of the Defendants, as required under the New York City Human Rights Law ("NYCHRL"). Plaintiff's Complaint should be dismissed on this basis alone. Even assuming, *arguendo*, Plaintiff establishes an employment relationship, which she does not, Plaintiff does not plausibly plead gender discrimination, hostile work environment, or retaliation claims under the NYCHRL.

Plaintiff's gender discrimination and hostile work environment claims under the NYCHRL are not plausibly pled. First, fatal to Plaintiff's pleading, Plaintiff fails to adequately allege NYCHRL "employee" status.  Second, Plaintiff fails to allege she was treated less well than any similarly situated male. Plaintiff does not identify a single comparator, let alone demonstrate similarities to show she was treated less well by the Defendants. Absent properly pled comparators, Plaintiff's gender discrimination claim fails. Third, Plaintiff did not adequately plead any discriminatory animus towards her based on statutorily protected characteristics. The Complaint's allegations each fall into one of the following three categories: (1) conclusory allegations; (2) unrelated to gender; and (3) non-actionable stray remarks. The bottom line is: Plaintiff does not plausibly allege that any of the alleged adverse or dispreferential decisions have anything to do with her gender.

Plaintiff also fails to adequately plead a NYCHRL retaliation claim. Plaintiff does not allege sufficiently specific facts which make it clear that she complained about conduct prohibited

by the NYCHRL. Even assuming, *arguendo*, Plaintiff sufficiently pleads protected activity (she does not), still she did not plead a causal connection between her alleged protected activity and purported retaliatory conduct. Plaintiff does not allege facts to support her alleged protected activity was the "but for" reason for her role marginalization and termination. In fact, the Complaint provides the reason for Plaintiff's supposed termination—WABC let Plaintiff go *because* Rudolph Giuliani allegedly was terminated from WABC. Still further, the Complaint is deplete of any timeline to state or even suggest a temporal proximity inference for causation. Absent any sign of causal connection, Plaintiff's retaliation claims should be dismissed.

For these reasons, as detailed below, this Court should dismiss all of Plaintiff's allegations with prejudice.

## FACTUAL ALLEGATIONS[1]

Plaintiff began making guest appearances with New York City's former mayor, Rudolph Giuliani ("Giuliani"), on his WABC radio show in Spring 2021. *See* Plaintiff's Complaint ("Compl."), attached as Exhibit ("Ex.") A to the Declaration of Douglas J. Klein, Esq., dated December 30, 2024 ("Klein Decl."), at ¶ 16. A board-certified nurse practitioner and hospital CEO, Plaintiff discussed healthcare topics and the pandemic. *See id*. Defendants offered Plaintiff to join Giuliani as a co-host on a new radio show titled "Uncovering the Truth". (Compl. ¶17). When Giuliani allegedly was terminated from WABC for violating a company policy, Plaintiff's relationship with WABC ended as well. (Compl. ¶¶ 35-38).

---

[1] The facts alleged in the Complaint are accepted as true solely for purposes of this Rule 12 motion to dismiss.

## ARGUMENT

### I.    LEGAL STANDARD APPLICABLE TO MOTION TO DISMISS

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Keiler v. Harlequin Enters.*, 751 F.3d 64, 68 (2d Cir. 2014); *see also Williams v. City of New York*, 03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143, at *5-6 (S.D.N.Y. Nov. 1, 2005) ("[i]n considering a motion to dismiss pursuant to [Rule 12(b)(6)] the Court should construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor[]") (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As a result, legal conclusions "must be supported by factual allegations." *Id.* at 679. Accordingly, to survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 697 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Under Federal Rule of Civil Procedure 8(a)(2), a 'plausible' claim contains 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). A complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not" withstand a motion to dismiss and nor will a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement." *Dellatte v. Great Neck Union Free Sch. Dist.*, 448 F. App'x 164, 165 (2d Cir. 2012), *as amended* (Jan. 24, 2012) (quoting *Iqbal*, 556 U.S. at 678 and *Twombly*, 550 U.S. at 557). "Conclusory allegations or legal conclusory masquerading as factual contentions will not

suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2000) (internal quotations omitted). Rather, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, at 557. Thus, unless a plaintiff's well-pled allegations have "nudged [her] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *Iqbal*, 556 U.S. at 680.

## II.    PLAINTIFF FAILS TO PLEAD A PLAUSIBLE EMPLOYER-EMPLOYEE RELATIONSHIP WITH ANY OF THE DEFENDANTS.

An employer-employee relationship is a prerequisite for liability under the NYCHRL. *See Chavannes v. Bronx Parent Housing Network*, No. 21-cv-05060 (JGK), 2022 U.S. Dist. LEXIS 163258, at *7 (S.D.N.Y. Sept. 9, 2022) (granting in part motion to dismiss NYCHRL claims where plaintiff failed to demonstrate employer-employee relationship). To survive a motion to dismiss, a plaintiff, therefore, must allege facts "sufficient to put [the defendant] on notice of the theory of employer liability upon which [the] claims are based." *Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673, 681 (S.D.N.Y. 2010). A plaintiff cannot engage in group pleading because group pleading is insufficient to hold any entity liable under the joint employer or single employer doctrines. *See Lawrence v. Int'l Bus. Mach. Corp.*, No. 12-cv-8433 (DLC), 2017 U.S. Dist. LEXIS 120804, at *15 (S.D.N.Y. Aug. 1, 2017) (holding that because the plaintiff failed to allege facts plausibly a corporate entity was plaintiff's direct employer, or that a joint employer or a single employer relationship may have existed and the corporate entity's motion to dismiss was granted).

Here, Plaintiff engages in group pleading, implausibly asserting allegations against "defendants" collectively (Compl. ¶¶ 1, 2, 13, 17, 18, 20, 24, 35, 36, 39). Plaintiff fails to allege which Defendant even hired her, the most basic indicia of an employer-employee relationship. *See Thomas v. Five Star Elec.*, No. 18-CV-3691 (AT) (RWL), 2022 U.S. Dist. LEXIS 121830, at *29 (S.D.N.Y. May 5, 2022) (in determining employer-employee relationship under NYCHRL,

"courts first look to whether the plaintiff has alleged to have been hired in the first instance by the defendant."). Instead, Plaintiff only alleges that she "began making frequent guest appearances" with Giuliani in 2021 (Compl. ⁋ 16) and then "Defendants offered" Plaintiff the opportunity to join Giuliani a new show (Compl. ⁋ 17). These bare and conclusory allegations do not provide the inference that which Defendant hired Plaintiff. The Court should dismiss the Complaint on this basis alone.

Further, Plaintiff fails to plead any other facts that provide an inference of an employment relationship between Plaintiff and any Defendant. In determining whether there is an employment relationship between the plaintiff and a defendant, courts in the Second Circuit looks to the *Reid* factors, offered by the Supreme Court in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989). The *Reid* factors include: "the hiring party's right to control the manner and means by which the product is accomplished . . . .[;] the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party." 490 U.S. at 751-52.

Plaintiff's Complaint contains no specific allegations of any of the *Reid* factors in connection with any specific Defendant. Again, Plaintiff instead engages in "group pleading," failing to plausibly plead an employment relationship with any Defendant. Notably, Plaintiff does not even allege whether one of the Defendants, WABC Radio Foundation, Inc. (the "Foundation"), played *any* role in any allegation at all. All Plaintiff alleges specifically relating to the Foundation

is that Mr. Catsimatidis is the owner and operator of the Foundation (Compl. ⁋ 6) and that the Foundation is a New York corporate entity (Compl. ⁋ 9). No more. None of Plaintiff's other allegations overcome the absence of any allegation that any specific Defendant employed Plaintiff. As such, this Court should dismiss the Complaint in its entirety.

## III.    PLAINTIFF'S NYCHRL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED.

This Court should dismiss Plaintiff's NYCHRL discrimination and hostile work environment claims because Plaintiff fails sufficiently to allege (1) NYCHRL "employee" status; (2) that she was treated less well than any similarly situated male counterparts; and (3) discriminatory animus.

### A.    Plaintiff Has Not Plausibly Pled NYCHRL "Employee" Status.

The NYCHRL makes it unlawful for an "employer" to discriminate against "any person . . . in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin Code § 8-107(1)(a). Although this statutory provision does not use the word "employee," "[c]ourts have routinely found that the threshold remuneration condition that is essential for an individual to qualify as an 'employee' under Title VII and the NYSHRL also applies to NYCHRL claims." *Ayyaz v. City of New York*, 19-CV-1412 (LTS) (SN), 2021 U.S. Dist. LEXIS 62704, at *7 (S.D.N.Y. Mar. 31, 2021) (citing *Wang v. Phx. Satellite Television US, Inc.*, 976 F. Supp. 2d 527, 536 (S.D.N.Y. 2013) (holding that the plain meaning of the NYCHRL, the case law, interpretations of Title VII and the NYSHRL, as well as legislative history support the conclusion that unpaid interns are not protected by the NYCHRL)).

As a prerequisite to a finding of employment, the plaintiff must demonstrate "that she was hired by the putative employer. To prove that she was hired, she must establish that she received remuneration in some form for her work." *United States v. City of N.Y.*, 359 F.3d 83, 91-92 (2d

Cir. 2004); *see also O'Connor v. Davis*, 126 F.3d 112, 115-116 (2d Cir. 1997) ("[w]here no financial benefit is obtained by the purported employee from the employer, no 'plausible' employment relationship of any sort can be said to exist."). This remuneration need not be a salary, but it must convey a "substantial benefit[]" to the putative employee. *City of N.Y.*, 359 F.3d at 92. Further, the benefits conveyed may not be "merely incidental" or "a necessary incident" of the work performed. *York v. Ass'n of the Bar*, 286 F.3d 122, 126 (2d Cir. 2002). Nor may they be "vague benefits," such as "networking opportunity," "widespread publicity" or "name recognition." *See Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 444 (S.D.N.Y. 2018).

Here, Plaintiff does not adequately plead NYCHRL "employee" status. Indeed, she pleads nothing regarding remuneration required to show "employee" status. Plaintiff only conclusorily pleads she was an "employee" of Defendants (Compl. ⁋ 14) without any requisite factual basis. Accordingly, Plaintiff's NYCHRL discrimination claim fails, and this claim should be dismissed.

### B.    Plaintiff Has Not Plausibly Alleged Any Similarly Situated Comparators.

Assuming, *arguendo*, Plaintiff plausibly pled "employee" status under the NYCHRL (she did not), Plaintiff's gender discrimination and hostile work environment claims still fail because Plaintiff has not plausibly alleged any similarly situated comparators who were treated differently. *See Mosdos Chofetz Chaim, Inc. v. Vill of Wesley* Hills, 815 F. Supp. 2d 679, 698 (S.D.N.Y. 2011); *Graham v. Long Is. R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). To state actionable claims of NYCHRL discrimination, Plaintiff must show she was treated less well than other similarly situated employees *because of* her gender. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). Similarly, to adequately plead a NYCHRL hostile work environment claim, a plaintiff must show that she was treated "less well than other employees' on the basis of a protected characteristic." *Alvarado v. Nordstrom, Inc.*, 685 F. App'x 4, 8 (2d Cir. 2017).

Absent direct evidence (or here, allegations) demonstrating discriminatory intent, "[a] plaintiff can raise an inference of discrimination by demonstrating the disparate treatment of similarly situated employees but 'must show [she] was similarly situated in all material respects to the individuals with whom [she] seeks to compare [her]self.'" *Kosack v. Entergy Enters., Inc.*, 14-CV-9605, 2019 U.S. Dist. LEXIS 12483, at *17 (S.D.N.Y. Jan. 25, 2019) (quoting *Mandell v. County of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)); *see also Shumway v. United Parcel Serv.*, 118 F.3d 60, 63 (2d Cir. 1997) (for a comparator to be similarly situated to plaintiff, the comparator must be similar "in all material aspects").

Even at the pleading stage, it is appropriate for this Court to reject inappropriate comparators if the relevant allegations do not provide adequate factual support for a plausible inference of discrimination. *Wegmann v. Young Adult Inst., Inc.*, 15-CV-3815 (KPF), 2016 U.S. Dist. LEXIS 26674, at *31 (S.D.N.Y. Mar. 2, 2016). Specifically, the plaintiff must show that "the supposedly similarly situated employee is in fact so similarly situated, and shares so many of the characteristics with the plaintiff, that it would be fair to infer that the difference in treatment may be attributable to discrimination." *Canales-Jacobs v. N.Y.S. Off. Of Court Admin.*, 640 F. Supp. 2d 482, 504 (S.D.N.Y. 2009). The logic follows that to satisfy this standard, Plaintiff must at least be able to identify the comparators and demonstrate their job descriptions and responsibilities to show similarities. *See Johnson v. Andy Frain Servs.*, 638 F. App'x 68, 70 (2d Cir. 2016) (plaintiff failed to allege proper comparators because she did not allege she and her co-worker had similar job descriptions or responsibilities); *see also Adams-Flores v. City of N.Y.*, 18-CV-12150 (JMF), 2021 U.S. Dist. LEXIS 45128, at *10 (S.D.N.Y. Mar. 10, 2021) (plaintiff failed to set forth a comparator because she failed to describe comparators' qualifications, responsibilities, or employment history)*; Batiste v. City Univ. of N.Y.,* No. 16-CV-3358 (VEC), 2017 U.S. Dist. LEXIS 105575, at

*22 (S.D.N.Y. July 7, 2017) (the court found that the plaintiff failed to properly allege the proposed comparator shared similar job descriptions or responsibilities, "a prerequisite to raising an inference of discrimination based on disparate treatment.").

In *Areu v. Fox News Network, LLC*, No. 20-CV-8678 (RA), 2021 U.S. Dist. LEXIS 171332, at *30 (S.D.N.Y. Sep. 9, 2021), the court found that the plaintiff failed to raise an inference of discrimination in defendant's hiring procedure when all the plaintiff alleged was:  three purported comparators, their gender, and the purported comparators' hiring process. The court concluded that such allegations were insufficient to show discriminatory intent in defendant's hiring process and granted defendant's motion to dismiss gender discrimination and hostile work environment claims under NYCHRL. *See id.*

Here, Plaintiff cannot raise any inference of discrimination by showing she was treated less well than her male comparators. Indeed, Plaintiff fares far worse than the plaintiff in *Areu* in attempting to plead discriminatory intent and purported comparators. Plaintiff does not identify a *single* male counterpart whom Defendants allegedly treated better than her. Instead, the Complaint implausibly refers to supposed comparators as unspecified "male counterparts" (Compl. ¶¶ 21, 24) and "male colleagues" (Compl. ¶ 23). Plaintiff also does not allege, as she must, *any* facts about the responsibilities, descriptions, or employment history of the unnamed "male counterparts" or "male colleague." At a minimum, Plaintiff must allege that the "male counterparts" or "male colleague" shared the same performance standards or engaged in the same conduct. *Weiping Liu v. Indium Corp. of Am.*, No. 20-64, 2021 U.S. App. LEXIS 25875, at *5 (2d Cir. Aug. 27, 2021). But Plaintiff did not. Because Plaintiff has not plausibly alleged any appropriate comparators to show inference of discrimination, her Complaint should be dismissed.

C.    **The Complaint Does Not Plausibly Allege Discriminatory Animus.**

Essential to a plausibly pled discrimination claim are sufficient allegations that a defendant's action was motivated by discriminatory animus. *See Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir. 1998). The absence of such a connection between the adverse employment action or dispreferential employment action and a plaintiff's protected characteristic is fatal to a showing of discriminatory inference. *See Gong v. City University of New York*, 846 F. App'x 6, 8 (2d Cir. 2021); *see also Carter v. Verizon*, No. 13 Civ. 7579 (KPF), 2015 U.S. Dist. LEXIS 6370, at *15 (S.D.N.Y. Jan. 20, 2015). Even if a plaintiff alleges, literally, the connection between the dispreferential or adverse employment action and the protected characteristic, the court still must put aside the allegations if they are conclusory. *See Pungitore v. Barbera*, 506 F. App'x 40, 42 (2d Cir. 2012) ("A Court must first ignore 'mere conclusory statements' or legal conclusions, which are not entitled to the presumption of truth") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

In *LeTtieri v. Anti-Defamation League Found*., 22-CV-9889 (PAE), 2023 U.S. Dist. LEXIS 141914, at *15 (S.D.N.Y. Aug. 10, 2023), the court, in granting defendants' motion to dismiss plaintiff's gender/pregnancy discrimination and hostile work environment claims under NYCHRL disregarded conclusory allegations including that defendant "treated [p]laintiff less well on the basis that she was attempting to become pregnant" and "discriminated against [her] on the basis of her [protected characteristic]"). *Id.*  The same reasoning applies here.

Alleged comments related to protected characteristic but unrelated to any adverse employment action are insufficient to show discriminatory motivation. *See Moore v. Verizon,* No. 13 Civ. 6467 (RJS), 2016 U.S. Dist. LEXIS 16201, at *23 (S.D.N.Y. Feb. 5, 2016) ("verbal comments constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and [the alleged adverse employment

action]."). Stray remarks, "even if made by a decision maker, do not constitute sufficient evidence to support a case of employment discrimination." *Id.*; *see also Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998). "Remarks are especially likely to be 'stray' when made by a decision maker unrelated to the decision-making process temporally remote from the date of [adverse employment] decision." *Woodard v. TWC Media Sols.*, No. 09 Civ. 3000 (BSJ), 2011 U.S. Dist. LEXIS 1536, at *21 (S.D.N.Y. Jan. 4, 2011), *aff'd sub nom.* 487 F. App'x 613 (2d Cir.2012).

Here, Plaintiff's allegations can be categorized in three groups: (1) conclusory statements (Compl. ¶¶ 18, 21, 23-25, 39); (2) unrelated to her gender (Compl. ¶¶19, 20, 25, 27-33); and (3) stray remarks (Compl. ¶¶22, 26). Any one is fatal to Plaintiff's pleading stage requirement to raise an inference of discriminatory animus.

First, the bulk of Plaintiff's allegations must be set aside because they are conclusory. Like in *LeTtieri*, 2023 U.S. Dist. LEXIS 141914, at *15, where the court set aside conclusory allegations such as defendant "treated [p]laintiff less well on the basis that she was attempting to become pregnant" and defendant "discriminated against [her] on the basis of her [protected characteristic]," here Plaintiff pleads similar conclusory allegations, especially considering all the unspecified purported comparators as discussed in Part II-A above. (*e.g.,* "subjected…to a discriminatory and hostile work environment based upon her sex" (Comp. ¶ 18); paid an amount "significantly lower than her male counterparts" (Compl. ¶ 21); "treated as a lesser contributor compared to her male counterparts" (Compl. ¶24)). This Court must disregard all conclusory allegations (Compl. ¶¶ 18, 21, 23-25, 39).

Second, 10 of the 23 paragraphs in the Complaint's factual allegations section have nothing to do with her gender (*e.g.,* Plaintiff was "labeled…as a guest rather than a co-host, and…was not compensated for her appearances" (Compl. ¶ 19); Plaintiff "faced false accusations of policy

violations, such as playing unauthorized music on air" (Compl. ¶ 25); Lopez allegedly threatened to remove Plaintiff from the air if she mentioned Newsmax again (Compl. ¶¶ 27-29); Plaintiff's head was smaller than Giuliani's on a promotional material (Compl. ¶¶ 31, 32); Plaintiff did not have her personal introduction to her segment of the show on Giuliani's show titled "Uncovering the Truth" (Compl. ¶¶17, 33)). These non-gender related allegations are irrelevant to Plaintiff's gender discrimination and hostile work environment claims, let alone raise inference of discrimination. (Compl. ¶¶ 19, 20, 25, 27-33).

Third, Plaintiff alleges non-actionable stray remarks that bear no connection to any adverse decisions. Plaintiff does not allege how Lopez's alleged comments led to any dispreferential decisions. (Compl. ¶¶ 22, 26). The absence of any temporal clue in the allegations further weakens the notion that Lopez's alleged comments played a part in any adverse decision. *See Roenick v. Flood*, 20-cv-7213 (JPC), 2021 U.S. Dist. LEXIS 108165, at *17 (S.D.N.Y. June 9, 2021). Plaintiff does not allege when Lopez made the comments relative to her departure from WABC. (Compl. ¶¶22, 26, 37, 38). Lopez's comments are stray remarks at best, not sufficient to raise an inference of discrimination.

As such, Plaintiff's allegations are conclusory, non-gender related, and stray remarks. They are insufficient at the Rule 12 pleading stage to support a discrimination or hostile work environment claim based on gender, and the Complaint should be dismissed.

## IV.    PLAINTIFF FAILS PLAUSIBLY TO PLEAD A RETALIATION CLAIM.

To plead a NYCHRL retaliation claim, among other factors, a plaintiff must plead that she engaged in a protected activity and a causal connection exists between the alleged "retaliatory conduct at issue" and the "protected activity." *Ward v. Cohen Media Publ'ns LLC*, No. 1:22-cv-06431 (JLR), 2023 U.S. Dist. LEXIS 147806, at *42, 43 (S.D.N.Y. Aug. 21, 2023). When there is no formal complaint as a form of protected activity, a plaintiff can allege an informal complaint,

but it must be "sufficiently specific to make it clear that the employee is complaining about the [prohibited conduct]." *Molina v. John Jay Inst. for Just. & Opportunity*, 23-cv-1493 (DEH), 2024 U.S. Dist. LEXIS 173356, at *28 (S.D.N.Y. Sep. 24, 2024); *see Said v. Nyc Health*, No. 1:23-cv-03313-OEM-JAM, 2024 U.S. Dist. LEXIS 74894, at *6, 7 (E.D.N.Y. Apr. 24, 2024) (the court found the plaintiff's general employment complaint is not a complaint against discrimination under both Title VII and NYCHRL).

To adequately plead causal connection, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the…adverse action." *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018). But-for causation requires "that the adverse action would not have occurred in the absence of the retaliatory motive" and may "be shown by direct evidence of retaliatory animus or inferred through temporal proximity to the protected activity." *Id.*

Here, Plaintiff's retaliation claim boils down to the following: at unspecified times, she allegedly complained and addressed the discrimination and hostile work environment to Lopez. (Compl. ¶¶ 26, 30). Then, again, at unspecified times, Plaintiff's role on the radio show was allegedly marginalized and eventually she was let go. (Compl. ¶¶ 30, 37, 38). Plaintiff fails to sufficiently plead "protected activity" or causation.

First, absent allegation of a formal complaint, Plaintiff fails to provide facts "sufficiently specific" about her alleged informal complaint of any prohibited conduct. *See Molina*, 2024 U.S. Dist. LEXIS 173356, at *28. All Plaintiff alleges is she "complained about the discrimination and hostile work environment based on her sex" (Compl. ¶ 26) and "address[ed] these unfair and clearly discriminatory issues." (Compl. ¶30). Plaintiff does not provide any details as to which events she was complaining about that could amount to prohibited conduct under the NYCHRL. The purpose of the "sufficiently specific" requirement is so the "employer is on notice that the

plaintiff believes [s]he…is being discriminated against on the basis of…gender." *Jaeger v. N. Babylon Union Free Sch. Dist.*, 191 F. Supp. 3d 215, 232 (E.D.N.Y. 2016). According to the Complaint, none of the Defendants could have been on notice of Plaintiff's "complaint" as her complaints were vague and conclusory without further necessary details. This is not sufficiently specific to meet the protected activity pleading standard.

Second, even assuming, *arguendo*, that Plaintiff sufficiently alleged protected activity, which she did not, Plaintiff cannot, as she must, show a causal connection between her protected activity and any retaliatory conduct. Plaintiff does not allege *facts* to support her role marginalization and termination would not have occurred absent her alleged protected conduct. In fact, Plaintiff alleges that she left WABC because Giuliani was terminated for violating a company policy. (Compl. ¶¶ 36-38). Therefore, Plaintiff did not allege her departure from WABC had anything to do with her alleged protected activity.

There is no temporal proximity inference for causation either because Plaintiff does not provide any timeline of the alleged events at issue. Plaintiff does not allege when allegedly she complained to Lopez, or anyone associated with Defendants. (Compl. ¶¶ 26, 30).[2] Similarly, Plaintiff does not allege when her role was allegedly marginalized or when she was let go from WABC. (Compl. ¶¶ 30, 37, 38). Absent any pled facts stating or even suggesting a causal connection between Plaintiff's alleged protected activity and her alleged role marginalization and termination, Plaintiff fails to plead a retaliation claim, and Plaintiff's retaliation claim should be dismissed.

---

[2] Plaintiff claims Giuliani allegedly complained about discriminatory treatment of Plaintiff. (Compl. ¶ 34).  But Giuliani's alleged Complaint does not cure Plaintiff's failure to plead that *she* made a complaint.

**<u>CONCLUSION</u>**

For the reasons above, Defendants respectfully request that this Court issue an Order dismissing Plaintiff's NYCHRL discrimination, hostile work environment, and retaliation claims against Defendants in their entirety, with prejudice.

Dated: December 30, 2024             Respectfully submitted,
       New York, New York

                             JACKSON LEWIS P.C.

                     By:    <u>/s/ Douglas J. Klein       </u>
                             Douglas J. Klein
                             Xinlai Richard Sui
                             *Attorneys for Defendants*

15