```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MARIA RYAN,                                                 :
                                                            :
                              Plaintiff,                    :
                                                            :          24-CV-9422 (VSB)
               -against-                                    :
                                                            :              ORDER
JOHN CATSIMATIDIS, et al.,                                  :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

Plaintiff filed this action in New York Supreme Court, New York County, on December 7, 2024. (Doc. 1 ("Notice of Removal"), Ex. A at 9–18.[1] ("Compl.").) On December 10, 2024, Defendants Chad Lopez, John Catsimatidis, WABC Radio Foundation Inc., Red Apple Media Inc, and WABC Radio, LLC (collectively, "Defendants") removed the action to federal court, asserting that I have diversity jurisdiction over this case pursuant to 28 U.S.C § 1332. (Notice of Removal ¶¶ 5–11.) Defendants assert that there is complete diversity of citizenship present between the parties because: (1) Plaintiff is a "resident and citizen" of New Hampshire; (2) "Defendants Red Apple Media, Inc., WABC Radio Foundation Inc., and WABC Radio, LLC were and are corporations organized and existing under the laws of the State of New York, with their principal place of business located in the State of New York"; (3) Defendants John Catsimatidis and Chad Lopez were and are residents and citizens of the State of New York; and (4) "[n]o Defendant who is a citizen of New Hampshire has been properly joined and served." (*Id.* ¶¶ 5–8.)

---

[1] The cited page numbers in this document refer to the ECF stamp page numbers, not the original page numbers in Plaintiff's filed document.

On December 30, 2024, Defendants filed a motion to dismiss, (Doc. 7 ("Motion to Dismiss")), a supporting memorandum of law, (Doc. 8), and a supporting declaration, (Doc. 9). On January 15, 2025, because Plaintiff had not responded to the Motion to Dismiss or otherwise appeared in this action, I ordered Defendants to serve Plaintiff with the Motion to Dismiss papers, or, if service had been effected, to file an affidavit of service. (Doc. 10 at 1.) I also ordered Plaintiff to file an opposition brief by February 5, 2025, and cautioned that if Plaintiff failed to do so, "I [would] consider Defendants' motion to dismiss to be unopposed." (*Id.* at 1–2.) On January 28, 2025, Defendants filed an affidavit of service of their Motion to Dismiss papers. (Doc. 11.)

On October 30, 2025—more than nine months after the opposition deadline had passed—Plaintiff's counsel filed a letter to this Court stating that Plaintiff's opposition was "inadvertently not filed." (Doc. 13.) On October 31, 2025, Plaintiff filed a letter motion for an extension of time to file the opposition to Defendant's Motion to Dismiss. (Doc 14.) On November 4, 2025, Defendants filed an opposition to Plaintiff's October 31, 2025 letter, arguing that Defendants' Motion to Dismiss should remain unopposed. (Doc 15.) However, before determining whether Plaintiff can file their opposition papers, I direct Defendants to amend their Notice of Removal to cure the subject matter jurisdiction defects. The current Notice of Removal fails to sufficiently allege the citizenship of the members of WABC Radio, LLC.

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing the basis for subject-matter jurisdiction. *See Gilman v. BHC Secs., Inc.*, 104 F.3d

1418, 1421 (2d Cir. 1997). A district court may remand a case to state court "*sua sponte* at any time upon finding that it lacks subject matter jurisdiction." *Beal Stream Venture, LLC v. Leading Builders Grp. LLC*, No. 23-CV-5641, 2023 WL 7648723, at *2 (S.D.N.Y. Nov. 15, 2023).

Defendants have failed to properly allege the citizenship of WABC Radio, LLC. Although Defendants allege WABC Radio, LLC has its "principal place of business located in the State of New York," (Notice of Removal ¶ 7), and Plaintiff's original complaint states that it is a "limited liability company with a principal place of business located at 800 Third Avenue, Fifth Floor, New York, NY 10022," (Compl. ¶ 10), the citizenship of an LLC "is [not] determined [ ] by the LLC's place of incorporation or principal place of business, but by the citizenship of each member of the LLC." *Agility Logistics Corp. v. Elegant USA, LLC*, No. 09-CV-4719, 2009 WL 3094898, at *1 (S.D.N.Y. Sept. 25, 2009) (internal quotation marks and alterations omitted). To invoke diversity jurisdiction, the removing party must therefore establish "the citizenship of each member of the limited liability company." *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 447 (S.D.N.Y. 2014) (citing *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 336 (S.D.N.Y. 2005)). Defendants, however, have failed to allege that information.

Although Defendants assert a basis for diversity jurisdiction, the basis asserted is legally insufficient. Because the defects in the Notice of Removal are not fundamental, but instead involve only imperfect statements of citizenship, I grant Defendants leave to amend their Notice of Removal. *See Fulfree v. Manchester*, 182 F.3d 899 (2d Cir. 1999) (summary order) (affirming the district court's ruling granting the defendant leave to amend the notice of removal to add specificity as to the defendant's citizenship); *see also Linium, LLC v. Bernhoit*, No. 17-CV-200, 2017 WL 2599944, at *3 (N.D.N.Y. June 15, 2017) ("'When diversity is not absent from a notice of removal but is defectively alleged,' courts typically permit the removing party to

amend its notice of removal." (quoting *Grow Grp., Inc. v. Jandernoa*, No. 94-CV-5679, 1995 WL 60025, at *2 (S.D.N.Y. Feb. 10, 1995))); *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." (internal quotation marks omitted)); *Beter v. Baughman*, No. 24-CV-79, 2024 WL 1333570, at *4 (S.D.N.Y. Mar. 13, 2024) ("[I]ncluding allegations in the petition for removal of the parties' 'residency' as opposed to their 'citizenship' is merely a technical defect that could be cured, even with an untimely amendment.").

Accordingly, Defendants are hereby:

ORDERED to file an amended Notice of Removal within fourteen (14) days of the filing of this Order curing the defects described herein. If Defendants do not do so by this deadline, the Court will remand this case to the Supreme Court of the State of New York without further order. SO ORDERED.

Dated: November 4, 2025
New York, New York

_____
VERNON S. BRODERICK
United States District Judge